RICHARD H. VAN DEUSEN *vs.* B. FRANK STEELE.

Hampden. September 26, 1894. — October 19, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Exceptions — Contract — Demand — Tender.*

A point not taken at the trial is not open upon a bill of exceptions.

An agreement, signed by the defendant, certified that he had sold to the plaintiff certain mortgage bonds, one of them being called the " W. bond," by which the defendant agreed to take back the same bonds on thirty days' notice, the plaintiff paying him a certain commission. In an action thereon, there was evidence that, in January, 1890, the plaintiff took to the defendant a letter which he had received from a loan company, stating that the mill on W.'s land had been burned, and that the insurance company refused to pay. The plaintiff testified that he delivered the " W. bond " to the defendant, and said to him: " I have brought this bond back to you, and I am glad it has so happened that I have a good backer that is able to pay for them and do as he agreed. This bond I bought of you to be paid in thirty days. I deliver it and shall expect you to pay it back according as agreed." The defendant denied that any demand was made upon him; and his testimony tended to show that he received the bond to collect for the plaintiff. The judge, who tried the case without a jury, refused to rule as requested by the defendant, that " the evidence being undisputed that at the time the plaintiff took to the defendant the letter of January 6, 1890, and the W. bond, no commission was tendered the defendant, and no demand made that the defendant should receive and pay for the said bond, no demand and tender, as contemplated by the contract, was made "; and found for the plaintiff. *Held,* that the ruling requested was rightly refused; and that the plaintiff's testimony was sufficient to authorize a finding that a demand was made. *Held, also,* that, a formal tender having been made to the defendant of the amount of his commission more than thirty days before the date of the writ, if any tender was necessary, the fact that it was not made in January, 1890, was immaterial.

LATHROP, J. This is an action of contract upon an agreement, dated February 14, 1889, signed by the defendant, which certified that the defendant had on that day sold to the plaintiff certain mortgage bonds, being four in number, and one of them called the " F. C. Wiant bond," for $2,500, by which the defendant agreed to take back the same bonds on thirty days' notice, the plaintiff paying the defendant a commission of one per cent. The writ is dated January 16, 1891.

The case was tried by a justice of the Superior Court, without a jury, who found and ordered judgment for the plaintiff; and

the case comes before us on the defendant's exception to the refusal of the justice to give the following ruling: "The evidence being undisputed that at the time the plaintiff took to the defendant the letter of January 6, 1890, and the Wiant bond, no commission was tendered the defendant, and no demand made that the defendant should receive and pay for the said bond, no demand and tender, as contemplated by the contract, was made."

At the argument the defendant contended that the contract was an entire one, and that the plaintiff could not maintain the action without delivering back all the bonds and tendering the commission provided for. This point, however, is not open to the defendant. The ruling asked for clearly relates to the Wiant bond alone, which was the only one in dispute between the parties at the trial, the defendant having paid the plaintiff for the other three bonds in March, 1890. There was also evidence that in January, 1890, the defendant agreed to take back these three bonds and to pay for them. The case, therefore, stands as if the agreement had been made in relation to the Wiant bond alone.

As to this bond there was evidence that, on January 11, 1890, the plaintiff took to the defendant a letter which he had received from the Kansas National Loan Company, stating that the mill on Wiant's land had been burned, and that the insurance company refused to pay. The plaintiff testified that he delivered the bond to the defendant, and· said to him: " I have brought this bond back to you, and I am glad it has so happened that I have a good backer that is able to pay for them and do as he agreed. This bond I bought of you to be paid in thirty days. I deliver it and shall expect you to pay it back according as agreed."

The defendant did not deny receiving the bond, but he denied that any demand was made upon him; and his testimony tended to show that he received the bond to collect for the plaintiff.

The question of fact thus presented was decided against the defendant; and the testimony of the plaintiff was sufficient to authorize a finding that a demand was made.

The request for a ruling which was based on the statement that no demand was made on January 11, 1890, was, therefore, rightly refused.

As to the question of tender which is raised by the request for the ruling above stated, while it is true that no tender was made in January, 1890, a formal tender was made to the defendant of the amount of his commission on December 13, 1890; which was more than thirty days before the date of the writ, and a formal demand made upon him at the same time. If, therefore, any tender was necessary, the fact that it was not made on January 11, 1890, was immaterial.        *Exceptions overruled.*

*E. H. Lathrop*, for the defendant.

*E. P. Kendrick*, for the plaintiff.